IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD ALLEN HATCHER, # 220677, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:18-cv109-WHA |
| ) | [WO] |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on state inmate Richard Allen Hatcher's amended petition for writ of habeas corpus under 28 U.S.C. § 2254, in which Hatcher alleges that Alabama officials have failed to grant him proper jail credit against the sentences imposed on him in 2012 by the Houston County Circuit Court.[1] Doc. 3. In their answer to Hatcher's petition, the respondents argue, among other things, that Hatcher has not exhausted his state-court remedies for his claims and that his petition should be dismissed without prejudice so he can exhaust in the state courts. *See* Doc. 9 at 7–11.

**I. DISCUSSION**

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C.

---

[1] Hatcher was sentenced to consecutive terms of eight years of imprisonment for each of four convictions for incest and violations of Alabama's community notification laws. He contends that he is entitled to 371 days of pretrial jail credit against each of the four sentences imposed against him. Docs. 3 at 1 & 3–5.

§ 2254(1)(b)(1)(A).  Because Hatcher is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement. *See Dill v. Holt,* 371 F.3d 1301, 1302–03 (11th Cir. 2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pruitt v. Jones,* 348 F.3d 1355, 1359 (11th Cir. 2003).

Under Alabama law, a state petition for writ of habeas corpus filed in the state circuit court in the jurisdiction where the inmate is incarcerated is the proper method for initiating a challenge to the State's calculation of the time an inmate must serve in prison. *See Gunn v. State*, 12 So. 3d 711, 712 (Ala. Crim. App. 2007); *Day v. State*, 879 So. 2d 1206, 1207 (Ala. Crim. App. 2003).  To invoke "one complete round" of Alabama's established appellate review process, a petitioner receiving an unfavorable decision by the state circuit court must then properly seek review in the Alabama Court of Criminal Appeals and, if an unfavorable decision is obtained in the Alabama Court of Criminal Appeals, properly seek certiorari review by the Alabama Supreme Court. *Williams v. Billups*, 2016 WL 3007140, at *2 (M.D. Ala. Mar. 30, 2016); *see Dill* 371 F.3d at 1303; *Pruitt,* 348 F.3d at 1359.

The respondents' answer and the evidentiary materials submitted therewith indicate that Hatcher has not exhausted his claims in the Alabama courts. *See* Doc. 9 at 7–11.

Specifically, Hatcher has not filed a state petition for writ of habeas corpus challenging the failure of Alabama officials to grant him the jail credit to which he says he is entitled.[2] Should Hatcher file a state petition for writ of habeas corpus seeking redress for his jail credit claim, he would need to follow the appropriate Alabama appellate procedures in appealing any adverse decision in order to exhaust his claim.

This court entered an order affording Hatcher an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. *See* Doc. 11. However, Hatcher filed no response to the court's order. Hatcher has not demonstrated that his claims are exhausted, and he asserts no grounds for waiving the exhaustion requirement in his case. It would be inappropriate to rule on Hatcher's federal habeas claims without first requiring him to exhaust his available state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, Hatcher's petition for writ of habeas corpus should be dismissed without prejudice so he can pursue those remedies.

## II. CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Hatcher's 28 U.S.C. § 2254 petition for habeas corpus relief should be DISMISSED WITHOUT PREJUDICE, because Hatcher has failed to exhaust his state court remedies.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **June 19, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

[2] Hatcher is incarcerated at Staton Correctional Facility, which is located in Elmore County, Alabama.

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 5th day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE